IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **SHAMROCK MANUFACTURING CO.,** | ) | No. CV-F-10-908 OWW/SKO |
| | ) | |
| | ) | MEMORANDUM DECISION AND |
| | ) | ORDER DENYING PLAINTIFF'S |
| Plaintiff, | ) | MOTION TO REMAND |
| | ) | (Doc. 14), GRANTING |
| vs. | ) | DEFENDANT'S MOTION TO |
| | ) | TRANSFER VENUE (Doc. 9), AND |
| | ) | DIRECTING CLERK OF THE COURT |
| **AMMEX CORPORATION,** | ) | TO TRANSFER THIS ACTION TO |
| | ) | THE UNITED STATES DISTRICT |
| | ) | COURT FOR THE CENTRAL |
| Defendant. | ) | DISTRICT OF CALIFORNIA, |
| | ) | EASTERN DIVISION |
| | ) | |

On April 9, 2010, Shamrock Manufacturing Co. ("Shamrock") filed a complaint for breach of contract, account stated, goods had and received, and open book account against Ammex Corporation ("Ammex") in the San Bernardino County Superior Court.

On May 20, 2010, Ammex removed the action to this Court rather than to the United States District Court for the Central District of California on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(a).

1

Shamrock moves to remand the action to the San Bernardino County Superior Court on the ground that Ammex removed the action to an incorrect district court.  Ammex concedes that the action was removed to an incorrect district court, but moves to transfer venue of this action pursuant to 28 U.S.C. § 1406(a) or 28 U.S.C. § 1631, to the United States District Court for the Central District of California, the correct district, to be consolidated with *Ammex Corporation v. Shamrock Manufacturing Co.,* No. CV-F-10-637 RAJ, filed by Ammex on April 14, 2010 in the United States District Court for the Western District of Washington, either in California or in Washington.

In opposition to the motion to remand and in support of the motion to transfer venue, Ammex files the Declaration of H. Troy Romero, counsel for Ammex:

> 3.  On April 14, 2010, Ammex filed the Washington Action and served Plaintiff with the complaint and summons for the same on April 21. 2010 ... After being served with notice of Plaintiff's California State Court action ... on April 27, 2010, Ammex timely removed Plaintiff's California State action to the federal system ....
>
> 4.  Based on a clerical error in my office, Ammex removed the California Action from the Superior Court in San Bernardino County.  My legal assistant misread a map indicating which court superior courts were in the various Federal Districts for California. Based on this reading, we removed the California Action to the Eastern District of California instead of the Eastern Division of the Central District ....
>
> 5.  Late in the afternoon of May 28, 2010 (at the start of the three day Memorial Day weekend) - after Ammex's originial thirty

> days to file a notice of removal had run - Plaintiff informed Ammex of its mistaken removal to the Eastern District by facsimile transmission.  Due to the timing of Plaintiff's facsimile - the Friday leading up to the Memorial Day weekend - I was unable to act until June 1, 2010, the next business day, when I contacted Plaintiff seeking a stipulation to have the California Action transferred to the Central District ... Plaintiff refused to stipulate.

At the hearing, Shamrock conceded that the parties are diverse, but asserted that the amount in controversy was not established.  There is no question that federal subject matter jurisdiction over this action on the basis of diversity exists.  Shamrock and Ammex are citizens of different states and Shamrock's complaint seeks over $200,000.00 in damages, exclusive of interest and costs.  Shamrock does not seek remand on the ground that federal subject matter jurisdiction over the action does not exist.

28 U.S.C. § 1441(a) provides:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, *to the district court of the United States for the district and division embracing the place where such action is pending ....*

28 U.S.C. § 1446(a) provides:

> A defendant or defendants desiring to remove any civil action ... from a State court *shall file in the district court ... for the district and division within which such action is pending a notice of removal ....*

Courts strictly construe the removal statute against removal

3

jurisdiction.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992).  "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.  *Gaus*, *id.*  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999).

Whether this Court is required to remand the action to the San Bernardino Superior Court or has the power to transfer this action to the Western District of Washington or is subject to a split of authority.  There is no binding Supreme Court or Ninth Circuit authority on point.

Shamrock cites *Maysey v. CraveOnline Media, LLC*, 2009 WL 3740737 (D.Ariz., Nov. 5, 2009); *Addison v. North Carolina Dept. of Crime and Public Safety*, 851 F.Supp. 214 (M.D.N.C.1994); *Willingham v. Creswell-Keith*, 160 F.Supp. 741 (W.D.Ark.1958); and *Gopcevic v. California Packing Corporation*, 272 F. 994 (N.D.Cal.1921), as authority that this Court has no power to transfer the action as requested by Ammex and must remand.

In *Gopcevic*, California then had two districts, the Northern and the Southern.  The Northern District was divided into two divisions, the Northern division and the Southern division.  The action was filed in Lake County, one of the counties designated as within the Northern division of the Northern District.

Defendant removed the action to the Southern District.  Plaintiff moved to remand and the District Court, strictly construing the then applicable statutes, remanded the action to the state court.

In *Willingham v. Creswell-Keith*, the action was removed to the wrong district in Arkansas, which "in itself, is sufficient reason to require the Court to remand the case." 160 F.Supp. at 744.  However, the District Court also ruled that the action was not removable because there was no basis for subject matter jurisdiction based on federal question or diversity of citizenship.  *Id.*

In *Addison*, the plaintiff filed an employment discrimination action in state court.  When defendants removed the action, they stated that plaintiff was a resident of Rowan County, which is within the Middle District of North Carolina and removed the action to the Middle District of North Carolina, even though the removed action was pending in the state court within the boundaries of the Western District of North Carolina.  When plaintiff moved to remand, defendants argued that, even though they failed to observe the literal terms of the statute, the District Court should transfer the case to the Western District pursuant to 28 U.S.C. § 1404 for the convenience of the parties and witnesses.  The District Court remanded the action:

> There is no question that 28 U.S.C. § 1441(a) requires that the defendants should have removed this case to the Western District. Defendants argue that they merely saved time by removing the action to this district because plaintiff lived here during the pendency of the cause of action.  This

> factual premise is not supported.  The complaint states that plaintiff was a citizen and resident of Mecklenburg County at the time of the incident alleged in the complaint.  While defendants contend in their brief that personnel records show that plaintiff was assigned to live and work in Rowan County in this district, there is no evidence before the Court to support this assertion.
>
> Even if defendants' residency argument were supported, their unilateral action should not be countenanced.  Defendants' argument that they merely saved the court and the parties time by making their unilateral 'removal-transfer' decision is not well taken.  Time is rarely saved by purposefully not following proper procedure.  The removal statute contemplates that the federal court to which an action is removed may not be one of proper venue if the action had been originally filed in it ... Notwithstanding, the removal is deemed proper and the matter may thereafter be transferred to correct venue or for the convenience of the parties and witnesses ....
>
> A party who deliberately removes an action to the wrong district court has acted improvidently and outside of the removal statute, thereby violating removal procedure.  Defendants were required to file their notice of removal in the Western District within thirty days ... Unless all of these conditions are met, removal is not effective ... While minor or nonconsequential defects may be cured subsequent to the notice of removal ..., the instant defect is not such a one.  The error cannot be cured by amendment.  Rather, the cure is for defendants to file a proper removal notice in the Western District.  Therefore, the procedural defect in this case is more in the nature of an improvident removal ... Such defect normally should not be overlooked.

851 F.Supp. at 217-218.

In *Maysey*, the plaintiff filed an action in the Maricopa County Superior Court.  Defendants removed the case to the

Central District of California.  After being informed by plaintiff that the removal was to an incorrect court, defendants, agreeing that the Central District of California was an incorrect court, refused to withdraw the removal and requested plaintiff stipulate to an order transferring the case to the Arizona District Court.  Plaintiff refused to stipulate and defendants filed an *ex parte* application to transfer the case from the Central District to the District of Arizona.  The Central District granted the *ex parte* application and transferred the action to the Arizona District Court.  The Arizona District Court remanded the action to the Maricopa County Superior Court.  Relying on the strict construction standards applicable to removal and *Addison* and *Willingham*, the District Court ruled that "when a party removes a case to the improper federal court district, that district court's appropriate response should be to remand the case back to state court and not to transfer it under 28 U.S.C. § 1406(a)."  2009 WL at *2.

Ammex responds that these cases are not controlling: "None of Plaintiff's cases stand for Plaintiff's proffered bright-line rule of remand and, in fact, the power of the court to transfer based on the circumstances of the given case is discussed openly in the relied-upon cases."  Ammex argues:

> Modern case law based on protecting the interests of justice rather than on justice-defeating adherence to procedural technicalities, including that from the Supreme Court, clearly outlines that the Court has the discretionary power to transfer the California Action, which undisputedly

|   |   |
|---|---|
| 1 | belongs in the federal system, to the Central District rather than remand it to the state |
| 2 | courts. [sic]. |

Ammex, citing *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22 (1998), contends that 28 U.S.C. § 1404(a) places discretion in the district courts to transfer cases according to "an individualized, case-by-case consideration of convenience and fairness." Ammex concedes that "this proposition is generally used to support motions for transfer when party convenience calls for the transfer," but contends that "the underlying principles of fairness, justice, and a case-by-case consideration of the same, should be applied in this case."

*Stewart Organization* does not support Ammex's contention. In *Stewart Organization,* the plaintiff filed an action based on diversity of citizenship in the United States District Court for the Northern District of Alabama. The defendant, relying on a forum-selection clause in the contract between the parties, moved to transfer the action to the Southern District of New York under Section 1404(a), which authorizes a district court to transfer an action to any other district or division where it might have been brought for the convenience of parties and witnesses and in the interest of justice. The Supreme Court held that federal law governed a district court's decision to grant a motion to transfer a case to a venue provided in a contractual forum-selection clause. There was no issue in the case whether the case was removed to the proper district court and whether that court has authority to transfer a case.

Ammex further relies on Section 1406(a):

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Ammex contends that federal courts have treated the type of mistake made here as being more akin to an improper venue situation and allowed transfer pursuant to Section 1406(a).

Ammex cites *Goldlwar, Inc. v. Heiman*, 369 U.S. 463 (1962). In *Goldlwar*, a private anti-trust suit was filed in the Eastern District of Pennsylvania. The Eastern District of Pennsylvania heard motions to dismiss for improper venue and lack of jurisdiction as to two of the defendants. The Eastern District refused to dismiss the action as to those two defendants, choosing instead to transfer the action to the Southern District of New York pursuant to Section 1406(a). Defendants appealed and the Supreme Court affirmed the District Court:

> Nothing in that language [Section 1406(a)] indicates that the operation of the section was intended to be limited to actions in which the transferring court has personal jurisdiction over the defendants. And we cannot agree that such a restrictive interpretation can be supported by its legislative history ... The problem which gave rise to the enactment of the section was that of avoiding the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn. Indeed, this case is itself a typical example of the problem sought to be avoided, for dismissal here would have resulted in

9

> plaintiff's losing a substantial part of its cause of action under the statute of limitations merely because it made a mistake in thinking that the respondent corporations could be 'found' or that they 'transaction ... business' in the Eastern District of Pennsylvania. The language and history of § 1406(a) ... show a congressional purpose to provide as effective a remedy as possible to avoid precisely this sort of injustice.
>
> *The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not*. The section is thus in accord with the general purpose which has prompted many of the procedural changes of the past few years - that of removing whatever obstacles may impede expeditious and orderly adjudication of cases and controversies on their merits. When a lawsuit is filed, that filing shows a desire on the part of the plaintiff to being his case and thereby toll whatever statute of limitations would otherwise apply. The filing itself shows the proper diligence on the part of the plaintiff which such statutes of limitation were intended to insure. If by reason of the uncertainties of proper venue a mistake is made, Congress, by the enactment of § 1406(a), recognized that 'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by what the late Judge Parker aptly described as 'time-consuming and justice-defeating technicalities.' It would at least frustrate this enlightened congressional objective to import ambiguities into § 1406(a) which do not exist in the language Congress used to achieve the procedural reform it desired. [Emphasis added]

**369 U.S. at 465-467.**

Ammex asserts that federal courts have applied *Goldlwar* to situations in which the defendant made this mistake by removing

an action to an incorrect federal district court. Ammex cites *Cook v. Shell Chemical Co.*, 730 F.Supp. 1381 (M.D.La.1990).

In *Cook*, the defendant removed the case to the wrong district in Louisiana. The District Court held:

> Counsel have failed to address in their supplemental memoranda whether removing to the wrong district is procedural or jurisdictional. If the defect is procedural, any objection to it has been waived as untimely. This court has been unable to find any cases explaining whether removing to the wrong district is procedural or jurisdictional. However, it is clear in the case at bar that this court has subject matter jurisdiction over the controversy via 28 U.S.C. § 1332. The removal to the wrong district is more akin to an improper venue situation. 28 U.S.C. § 1441(a) provides that the proper venue for removal is 'the district court of the United States for the district and division embracing the place where such action is pending.' Under Fed.R.Civ.P. 12(b), the defense of improper venue is waived if not made timely. Therefore, removal to the wrong district is a procedural defect, like improper venue, which was waived by the failure to object to it timely. Plaintiff has therefore waived her grounds for remand.

*See also Mortensen v. Wheel Horse Products, Inc.*, 772 F.Supp. 85, 89 (N.D.N.Y.1991), citing *Cook*. Ammex also cites *Ullah v. F.D.I.C.,* 852 F.Supp. 218 (S.D.N.Y.1994). In *Ullah*, the plaintiff filed suit in Queens County, which was within the Eastern District of New York. Defendant removed the action to the United States District Court for the Southern District of New York. The District Court granted the motion to transfer rather than the motion to remand, ruling:

> Improper removal to this district of a state

> court action pending in the Eastern District of New York does not compel remand of the case to the state court so that it can then be removed to the Eastern District. That would bring about additional delay and expense while serving no useful purpose.
>
> Federal courts have broad authority to reach a proper result by the most expedient means. Where a case can be sent directly to its proper site, this may be done without resort to unnecessary intermediate steps.

852 F.Supp. at 221.

In *Tanzman v. Midwest Express Airlines, Inc.,* 916 F.Supp. 1013 (S.D.Cal.1996), the plaintiff filed his complaint in the San Mateo County Superior Court. Defendants' motion to transfer venue to the San Diego County Superior Court was granted. After transfer to the San Diego Superior Court, defendants removed the action to the Southern District. The Southern District ruled that the initial transfer from the San Mateo County Superior Court to the San Diego County Superior Court was a nullity and that the removal to the Southern District was void and of no effect: "Since this Court has no pending case before it, there is nothing to remand." *Id.* at 1016. The Southern District rejected plaintiff's argument that the case should not be dismissed but, rather, transferred to the Northern District because there was no case in the Southern District to be transferred. *Id.* at 1017.

In *Lee v. Thomas Tours & GSA, Inc.,* 1997 WL 638428 (N.D.Cal., Sept. 29, 1997), the plaintiff filed an action in the San Francisco County Superior Court for a tort that occurred in Yosemite National Park. After the action was removed to the

Northern District, the Northern District, relying on *Tanzman* and *Ullah*, ruled that plaintiff had venued the action in an incorrect state court and further ruled:

> In light of the improper venue, defendants' removal to this court also venued this case in the incorrect district. See order of Judge Wagner [sic] (ED Cal) requiring defendants to remove this action to the Northern District. When a case is removed to the wrong district, a federal district court can transfer the case to the correct venue rather than remand the case to state court.

*See also Capretto v. Stryker Corporation*, 2007 WL 2462138 at *1, fn.1 (N.D.Cal., Aug. 29, 2007):

> Stryker mistakenly removed the case to the Northern District instead of the Eastern District of California. This error does not require a remand to state court. According to 28 U.S.C. § 1406(a), '[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'

Shamrock cites *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663 (1953) as authority that Section 1406(a) has no application to this action.

In *Polizzi*, a libel action filed in the Florida state court was removed to the Southern District of Florida and then dismissed for want of jurisdiction under 28 U.S.C. § 1391(c) because defendant was not at the time of service of the summons doing business in the Southern District of Florida. The Supreme Court addressed whether the District Court correctly dismissed the action for lack of jurisdiction:

> Both courts below held that the District Court lacked jurisdiction but they reached that conclusion by deciding that Respondent was not 'doing business' in Florida within the meaning of 28 U.S.C. ... § 1391(c) ... Section 1391 is a general venue statute. In a case where it applies, if its requirements are not satisfied, the District Court is not deprived of jurisdiction, although dismissal of the case might be justified it a timely objection to the venue were interposed ... 28 U.S.C.A. § 1406. But even on the question of venue, § 1391 has no application to this case because it is a removed action. The venue of removed actions is governed by 28 U.S.C. ... § 1441(a) ..., and under that section venue was properly laid in the Southern District of Florida ... Section 1391(a) limits the district in which the action may be 'brought.' Section 1391(c) similarly limits the district in which a corporation may be 'sued.' This action was not 'brought' in the District Court, nor was Respondent 'sued' there; the action was *brought* in a state court and *removed* to the District Court. Section 1441(a) expressly provides that the proper venue of a removed action is 'the district court of the United States for the district and division embracing the place where such action is pending.' The Southern District of Florida is the district embracing Dade County, the place where this action was pending ....
>
> Therefore, the question whether Respondent was 'doing business' in Florida within the meaning of § 1391(c) is irrelevant, and the discussion of that question is beside the point. The District Court based its holding that it lacked jurisdiction on a statute which has no application to the case, and the Court of Appeals affirmed on the same reasoning.

345 U.S. at 665-666.

Cases have construed *Polizzi* as precluding reliance on Section 1406(a) as authority to transfer venue of a removed action on the theory that venue is the defendant's privilege and

14

defendant chose to remove the action to the District Court under Section 1441(a).  *See, e.g., Western Showcase Homes, Inc. v. Fuqua Homes, Inc.*, 2010 WL 1838364 at * 3 (D.Nev., May 6, 2010)("[A] party in a removed action may not challenge venue as being improper under § 1406, but may only challenge it as being more convenient under § 1404"); *Maysey, supra*, 2009 WL 3740737 at * 2 ("The transfer statute, 28 U.S.C. § 1406(a), is a general venue statute and provides no authority to transfer the venue of removed actions"); *Prestar Financial Corp. v. Infraegis, Inc.*, 2009 WL 3425348 at *1 (C.D.Cal., Oct. 19, 2009).

Ammex argues that *Polizzi* has been superceded by *Goldlwar*, making Section 1406(a) applicable authority to transfer this action to the Central District of California.  *Goldlwar* did not involve a removed action and cannot be read as superseding *Polizzi*, which did involve a removed action.  Nonetheless, analyzing Section 1406(a) *Polizzi* makes little sense because Ammex removed the action to an incorrect district court.

Shamrock argued at the hearing that Mr. Romero's averment that the case was removed to this Court as a result of a mistake in reading a map is conclusory and should not be considered.  Shamrock complains that Mr. Romero provides no details of the steps that led to the mistake.  Mr. Romero's averment suffices to establish that a mistake was made.  The Eastern District of California has no interest in this action and both parties agree that the action should not have been removed to the Eastern District of California, but to the Central District of

California, Eastern Division.

Although the removal statutes are strictly construed, in the absence of controlling Supreme Court or Ninth Circuit authority, the better view supports the transfer of this action to the Central District of California, rather than remanding it to the San Bernardino Superior Court. A mistake was made; there is nothing before the Court from which it may be inferred that Ammex removed the action to the Eastern District of California in a deliberate attempt to bring the case before this Court. Federal subject matter jurisdiction over the action existed when it was removed, making the underlying concern one of venue.[1]

## CONCLUSION

For the reasons stated:

1. Plaintiff's motion to remand is DENIED;

2. Defendant's motion to transfer this action to the Central District of California, Eastern Division is GRANTED;

3. The Clerk of the Court is directed to transfer this action to the Central District of California, Eastern Division.

IT IS SO ORDERED.

Dated:   August 9, 2010                     /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE

---

[1] This conclusion makes unnecessary resolution of Ammex's argument that transfer of the action is authorized by 28 U.S.C. § 1631.